**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT OF
TEXAS AUSTIN DIVISION**

| | § | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| MADJAK, LLC | § | Case No. 22-10641-tmd |
| Debtor | § § § | |

**DEBTORS' EMERGENCY MOTION TO AUTHORIZE PAYMENT OF PREPETITION WAGES IN THE ORDINARY COURSE OF BUSINESS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-referenced debtor (the "Debtor") files this *Emergency Motion to Authorize Payment of Prepetition Wages in the Ordinary Course of Business* ("Motion") and in support would respectfully show the Court as follows:

**JURISDICTION AND PROCEDURAL BACKGROUND**

1. On September 30, 2022, ("Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division ("Court"), thereby commencing this chapter 11 case ("Case"). The Debtor continues in possession of its property, and it is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

2. No trustee or examiner has been appointed in the Debtor's Chapter 11 Case, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. § 1102.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Motion itself is ground in, *inter alia,* 11 U.S.C. §§ 105(a) and 366 and Fed. R. Bankr. P. 6003 and 6004.

**Overview**

6. The Debtor operates a med spa on Avery Ranch Road in Austin, Texas.

7. The Debtor has twelve employees. Payroll will be due on October 5, 2022 and October 20, 2022. The expected payrolls range from $12,438.00 to $13,661.00. The highest amount paid to any employee is approximately $2,200.00. As a result, all wages being paid are within the priority wage cap under 11 U.S.C. §507(a)(4).

**RELIEF REQUESTED**

8. As a consequence of the filing of its Case, Debtor is prohibited from paying claims that arose prior to the Petition Date absent specific court authorization. This prohibition applies to, among other things, amounts owed to, or on behalf of, the Debtor's employees relating to wages incurred immediately before the bankruptcy filings. As of the Petition Date herein, the only sums owing to Debtor's employees constitute compensation to be paid on October 5 and 20, 2022, a portion of which is pre-petition.

9. Debtor is required by law to withhold from an employee's wages amounts related to federal, state, and local income taxes, social security taxes, and Medicare taxes ("Employee Taxes"). Debtor is required to (i) match the social security and Medicare taxes; (ii) based on a percentage of gross payroll, pay additional amounts for state and federal unemployment insurance; and (iii) remit these payroll taxes to various taxing authorities.

10. Debtor submits that, because the Employee Taxes constitute "trust fund" taxes, the payment of such taxes will not prejudice other creditors of the Debtor's estate, given that the

relevant taxing authorities would hold priority claims pursuant to 11 U.S.C. § 507(a)(8) in respect of such obligations. Moreover, the monies payable for trust fund taxes generally are not property of a Debtor's estate. *See Begier v. IRS*, 496 U.S. 53 (1990).

11. Accordingly, the Debtor seeks authorization to collect and pay any and all taxes attributable to prepetition wages as required by state and federal law in the ordinary course of business.

12. At any given time, the Debtor has a limited amount of outstanding checks to employees. Debtor requests that, to the extent of funds on deposit, all applicable banks and other financial institutions shall be directed to receive, process, honor and pay all checks presented for payment and to honor all funds transfer requests made by the Debtor relating to the Employee Claims, whether such checks were presented or fund transfer requests were submitted prior to, or subsequent to, the Petition Date.

## LEGAL AUTHORITY

13. Pursuant to Bankruptcy Code §§ 105, 363, 507, 1107 and 1108, as supplemented by Fed. R. Bankr. P. 6003(b) ("Rule 6003(b)"), Debtor requests authority from the Court to continue compensating its workers.

14. Sections 507(a)(4) and (5) of the Bankruptcy Code provide priority status for prepetition claims for wages, salaries, commissions, severance pay, vacation pay, sick leave pay, and contributions to employee benefit plans in an amount not to exceed $13,650 per employee. For a plan of reorganization to be confirmed, Section 1129 requires payment of priority claims under 11 U.S.C. §§ 507(a)(4) and (5). Because the Employee Claims would be entitled to priority status under 11 U.S.C. §§ 507(a)(4) and (5) and because such Employee Claims must be paid to

confirm a plan of reorganization, Debtor's payment of such claims as requested herein should neither prejudice general unsecured creditors nor materially affect the Debtor's estate.

15. No worker is owed more than $13,650 for the pre-petition period. The greatest check is $2,583.33.

16. Bankruptcy Courts have authorized debtors to pay prepetition wages, salary expenses, and benefits claims in excess of 11 U.S.C. § 507(a) caps on the grounds that payment of such claims was necessary to effect a successful reorganization. *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981); *In re Penn Central Trans. Co.*, 467 F.2d 100, 102 (3d Cir. 1973); *In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989). The Supreme Court has recently affirmed that employee wage motions remain viable. *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 985 (2017).

17. Bankruptcy Courts in the Fifth Circuit have granted authority for a debtor's payment of claims similar to the Employee Claims and continuation of programs similar to the Employee Programs. *See, e.g.*, *In re Daisytek, Incorporated,* Case No. 03-34762, Docket No. 48 (Bankr. N.D. Tex. May 12, 2003); *In re Mosaic Group (US) Inc.*, Case No. 02-81440, Docket No. 24 (Bankr. N.D. Tex. Dec. 19, 2002); *In re Food Fast Holdings, Ltd.*, Case No. 02-10542, Docket No. 22 (Bankr. E.D. Tex. Jan. 24, 2002); *In re Gulf Air Inc.*, 112 B.R. 152, 153-54 (Bankr. W.D. La. 1989).

**REQUIREMENTS OF BANKRUPTCY RULE 6003(B)**

18. Pursuant to Bankruptcy Rule 6003, this Court may grant relief regarding a motion to pay all or part of a prepetition claim within twenty-one (21) days after the Petition Date if relief is necessary to avoid immediate and irreparable harm. Immediate and irreparable harm exists

where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D. N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001(c)(2)); *see also* FED. R. BANKR. P. 6003, Committee Notes (noting that cases applying Bankruptcy Rule 4001(b)(2) and (c)(2) may "provide guidance" for relief under Bankruptcy Rule 6003). As discussed above, failure to pay prepetition wages and benefits to Debtor's employees could result in immediate and irreparable harm to Debtor's estate because Debtor's ability to reorganize successfully is dependent upon the continued services of its employees, especially given the limited number of same. Specifically, if the Employee Claims are not paid, employee morale would deteriorate and Debtor could lose valuable employees. Accordingly, Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003(b) and seeks authority to pay the Employee Claims.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that this Court enter an order authorizing, among other things, Debtor to pay its workers. Debtor also requests such other and further relief to which it may be entitled.

DATED: September 30, 2022

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy, Suite 400
Austin, Texas 78731
(512) 476-9103 Ext. 220
(512) 476-9253 Facsimile

By: /s/ Stephen W. Sather
Stephen W. Sather (SBN. 17657520)
**PROPOSED ATTORNEYS FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Application was served by first class mail, postage prepaid and properly addressed, on October 3, 2022 to all parties listed on the attached Service List, to the persons listed below by email and electronically by the Court's ECF system to all parties registered to receive such service.

/s/Stephen W. Sather

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 22-10641-tmd<br>Western District of Texas<br>Austin<br>Fri Sep 30 16:37:51 CDT 2022 | Madjak, LLC<br>14900 Avery Ranch Blvd., Suite C100<br>Austin, TX 78717-3960 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| (p)EVEREST BUSINESS FUNDING LLC<br>8200 NW 52ND TERR<br>SECOND FLOOR<br>DORAL FL 33166-7852 | Fintegra<br>99 Wall Street Suite 686<br>New York, NY 10005-4301 | Funding Metrics<br>dba Lendini<br>3220 Tillman Drive,<br>Suite 200<br>Bensalem, PA 19020-2028 |
| Internal Revenue Service<br>Centralized Insolvency Office<br>Po Box 7346<br>Philadelphia, PA 19101-7346 | Linidini<br>3220 Tilman Drive 19020-2050 | McGahey, Robert<br>1900 CR 245<br>Georgetown, TX 78633-4394 |
| Merz North America, Inc.<br>PO Box 10973<br>Palatine, IL 60055-0973 | Rossman, Jeff<br>8105 Ceberry, Unit B<br>Austin, TX 78759-8705 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |
| Texas Workforce Commission<br>TWC Building - Reg. Integrity Div.<br>101 East 15th Street<br>Austin, TX 78701-1442 | U.S. Small Business Administration<br>Little Rock Commercial Loan Processing<br>Center 2120 Riverfront Drive, Suite 100<br>Little Rock, AR 72202-1794 | United States Attorney<br>Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0009 |
| United States Attorney, U.S. SBA<br>601 N.W. Loop 410 600<br>San Antonio, TX 78216-5597 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Stephen W. Sather<br>Barron & Newburger, PC<br>7320 N MoPac Expy, Suite 400<br>Austin, TX 78731-2347 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Everest Business Funding, LLC<br>5 West 37th Street Suite 1100<br>New York, NY 10018 | Texas Comptroller of Public Accounts<br>Bankruptcy Section<br>PO Box 13528<br>Austin, TX 78711 | End of Label Matrix<br>Mailable recipients    17<br>Bypassed recipients    0<br>Total    17 |